UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

KEITH E. SONDERLING, Acting Secretary of Labor, United States Department of Labor,

Plaintiff,

v.

LAURENCE A. PAGNONI & ASSOCIATES, INC. D/B/A LAPA FUNDRAISING; LAPA FUNDRAISING 401(k) PLAN; LAURENCE A. PAGNONI & ASSOCIATES, INC. GROUP POLICY; and MICHAEL TAYLOR,

Defendants.

Civil Action File

No. 26-cv-4137 (KPF)

**DEFAULT JUDGMENT**

**WHEREAS**, this action was filed by Keith E. Sonderling, Acting Secretary of Labor, United States Department of Labor (the "Secretary") pursuant to Title I of the Employee Retirement Income Security Act of 1971 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and by the authority vested in the Secretary by ERISA §§ 502(a)(2) & 502(a)(5), 29 U.S.C. §§ 1132(a)(2) & 1132(a)(5) alleging that defendants Laurence A. Pagnoni & Associates, Inc. dba LAPA Fundraising and Michael Taylor (the "Fiduciary Defendants") breached their duties to the LAPA Fundraising 401(k) Plan and the Laurence A. Pagnoni & Associates, Inc. Group Policy (the "Plans") and their participants and beneficiaries in violation of ERISA (ECF No. 11); and

**WHEREAS**, Defendants have not answered or otherwise appeared in this matter and the clerk entered their default on August, 12, 2026 (ECF No. 22);

**WHEREAS**, this Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); venue of this action lies in the Southern District of New York under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2); this Court has personal jurisdiction

over all defendants for all purposes relevant to this matter including the entry of this Order pursuant to ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1); and

**WHEREAS**, the Secretary now applies for entry of an Order in this matter, and no opposition to the application being filed;

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Secretary's motion for default judgment is hereby GRANTED, and judgment shall be entered in favor of the Secretary against the Fiduciary Defendants pursuant to Local Civil Rule 55 and Federal Rule of Civil Procedure 55(b).

2. The Fiduciary Defendants are removed from their roles as fiduciaries to the Plans and permanently enjoined from serving or acting as fiduciaries to any employee benefit plan subject to Title I of ERISA.

3. The Fiduciary Defendants are held jointly and severally liable to the LAPA Fundraising 401(k) Plan in the total amount of $130,018.99 (composed of $100,883.45 in unremitted employer and employee contributions plus $29,135.54 in prejudgment interest calculated through October 23, 2026) and to the Laurence A. Pagnoni & Associates, Inc. Group Policy in the total amount of $19,123.95. The Fiduciary Defendants are also held jointly and severally liable for $4,755 related to the costs and expenses associated with the appointment of the independent fiduciary, as set forth in Paragraphs 11-12 below. The Fiduciary Defendants shall repay these amounts in full within 30 calendar days of this Order.

4. AMI Benefit Plan Administrators, Inc. is appointed as the Plans' independent fiduciary (the "Independent Fiduciary") and shall have exclusive and plenary authority and control over the management and administration of the Plans, including the authority to marshal assets on

behalf of the Plans, and to take all appropriate action for the distribution of benefits to the Plans' participants and beneficiaries.

5. The Fiduciary Defendants shall cooperate fully with the Independent Fiduciary in the performance of the Independent Fiduciary's duties and responsibilities, and shall require that all employees, attorneys, agents, advisers, and representatives, as a condition of maintaining their relationships with the Fiduciary Defendants, cooperate fully with the Independent Fiduciary in the performance of the Independent Fiduciary's duties and responsibilities.

6. The Independent Fiduciary is directed to take all appropriate action for distribution of benefits to the Plan's participants and beneficiaries, including: (a) issuing distribution election forms for the Plan participants; (b) processing the election forms when returned by participants; (c) answering participant questions and providing assistance to participants, as needed; and (d) providing routine updates and/or reports to the Secretary on an as-needed basis.

7. The Independent Fiduciary is empowered to instruct the custodians of the Plans' assets and the Plans' recordkeepers respecting the performance of its duties as independent fiduciary, including as to disposition of the Plans' assets. The Independent Fiduciary shall have full access to all data, information and calculations in the Plans' possession or under its control, including that information contained in the records of the Plans' custodian and/or other service providers.

8. Upon completing distribution of the Plans' assets, the Independent Fiduciary shall consider whether termination of the Plans is appropriate, in light of the Plans' governing documents, ERISA, and other applicable federal law. If it determines that termination is appropriate, it will have authority to perform all actions necessary to wind down and terminate the Plans, consistent with the Plans' documents and ERISA.

9. No third-party service provider is permitted to refuse the Independent Fiduciary's instructions on the basis of fees they claim to be owed relating to the Plans.

10. The Independent Fiduciary shall be free to consult with the Secretary, the Internal Revenue Service, other federal, state, and local governmental agencies, and any other person or entity that the Independent Fiduciary believes appropriate in the conduct of the Independent Fiduciary's duties, including attorneys, accountants, actuaries, and other service providers.

11. The Independent Fiduciary shall be entitled to receive fees and expenses reasonably and necessarily incurred in administrating and terminating the Plans, not to exceed $4,755. Should the scope of the Independent Fiduciary's work change, the Independent Fiduciary may petition the Court to increase this amount.

12. The Fiduciary Defendants shall be responsible for paying the reasonable fees and expenses of the Independent Fiduciary.

13. The payment of administrative expenses and fees to the Independent Fiduciary, and to its assistants, attorneys, accountants, actuaries and other necessary service providers, shall be considered priority administrative expenses of the Plans superior to any other class of expense or obligation. The Independent Fiduciary's second priority shall be the payment of legitimate claims on the Plans by participants and beneficiaries.

14. On a quarterly basis, the Independent Fiduciary will provide the Secretary with a report of all significant actions taken and all funds expended.

15. This Order shall operate as a full, final, and complete judicial resolution and disposition of all claims asserted in the complaint by the Secretary against Defendants.

16. This matter is deemed closed; however, the Independent Fiduciary may apply to the Court for clarification of this Order or enforcement of this Order's terms.

17. The Court shall retain jurisdiction to enforce this Judgment.

18. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

**SO ORDERED.**

DATED: October 23, 2026
New York, NY

Katherine Polk Failla

Hon. Katherine Polk Failla
United States District Judge